IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY R. FREEMAN | § | |
| v. | § | CIVIL ACTION NO. 6:05cv214 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Anthony Freeman, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Freeman challenges a conviction for possession of contraband which he received on February 17, 2005, suffering punishments of 10 days of cell and commissary restriction and loss of property, including a pair of tennis shoes, a set of shower scuffs, five Hot Rod magazines, and a notebook with a metal binder. He argued in his original complaint that the charging instrument did not provide him with adequate notice of the charges against him because the offense of "possession of contraband" could be accomplished in five different ways, and the charging instrument did not inform him of the "manner and means" by which he possessed the contraband.

After review of the pleadings, the Magistrate Judge issued a Report on June 28, 2005, recommending that the petition be dismissed. The Magistrate Judge determined that Freeman did not allege the violation of a constitutionally protected liberty interest in his petition, and so the claim is without merit under <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2301 (1995). The Magistrate Judge also concluded that Freeman received adequate notice of the charges against him.

1

Freeman filed objections to this Report on July 22, 2005. He also filed a motion for leave to amend his petition, saying that his original petition was insufficient.

In his objections to the Report, Freeman says that possession of contraband is a Level Two offense, which involves the possibility of loss of good time, solitary confinement, and the deprivation of personal property upon a finding of guilty. Freeman says that the deprivation of his personal property amounts to the violation of a protected liberty interest under the Fourteenth Amendment.

Freeman concedes that he did not lose any good time, nor was he subjected to solitary confinement, but reiterates that the deprivation of his personal property is an atypical and significant hardship within the meaning of Sandin. He argues that this deprivation should entitle him to the due process protections of Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974). Finally, Freeman argues that he should be allowed to amend his petition.

As noted above, Freeman filed a motion for leave to amend his petition, and a proposed amended petition, together with his objections. In his proposed amended petition, Freeman repeats his claim that the allegations of the charging instrument were not sufficient to give him notice and did not charge an infraction under prison disciplinary rules. He notes that the offense of possession of contraband is a Level Two offense which involves the possibility of the loss of earned good time, solitary confinement, and deprivation of property, and says that he was deprived of his property without due process. Freeman again acknowledges that he did not actually lose any good time as a result of the case.

In Sandin, the Supreme Court held that the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Freeman has not shown

that his interest in personal property is such a freedom from restraint, nor that its deprivation imposes an atypical and significant hardship upon him in relation to the ordinary incidents of prison life.

To the extent that Freeman's petition and amended petition focus on the deprivation of his property as a basis for habeas corpus relief, this claim must fail for other reasons as well. The Fifth Circuit has held that the purpose of habeas corpus is to grant relief from unlawful imprisonment or custody, and it cannot be used for any other purpose. Pierre v. U.S., 525 F.2d 933 (5th Cir. 1976). Specifically, the Court stated that habeas corpus, although correctly alluded to as the Great Writ, cannot be utilized as a springboard to adjudicate matters foreign to the question of the legality of custody. Pierre, 525 F.2d at 936; *see also* Cook v. Hanberry, 596 F.2d 658, 660 n.1 (5th Cir. 1979).

Freeman's claim that he was deprived of his personal property does not implicate the fact or duration of his confinement, and so is not a proper claim for habeas corpus relief. He concedes that he did not lose any good time as a result of the disciplinary case, and the mere possibility that he might have done so, although he did not, is insufficient to convey a constitutionally protected liberty interest. *See* Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). For this reason, the Magistrate Judge did not err in recommending that Freeman's habeas corpus petition be dismissed.

To the extent that Freeman's claim may be read as a Section 1983 claim rather than a habeas corpus petition, it is likewise without merit. As the Magistrate Judge correctly observed, Freeman has not shown that he received constitutionally inadequate notice of the charges against him, and so his claim on this point is without merit.

Furthermore, the doctrine of Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on grounds not relevant here) and Hudson v. Palmer, 468 U.S. 517 (1984), known collectively as the *Parratt/Hudson Doctrine*, states that a random and unauthorized deprivation of a property or liberty interest does not violate procedural due process if the State furnishes an adequate post-deprivation remedy. *See* Caine v. Hardy, 943 F.2d 1406, 1412 (5th Cir. 1991). Three predeprivation conditions must exist before the doctrine can be applied. These are: (1) that the deprivation be unpredictable;

3

(2) that predeprivation process be impossible, making any additional safeguard useless; and (3) that the conduct of the state actor be unauthorized. Where these conditions exist, the State cannot be required to do the impossible by providing predeprivation process. Charbonnet v. Lee, 951 F.2d 638, 642 (5th Cir. 1992), *citing* Zinermon v. Burch, 494 U.S. 113 (1990); Myers v. Klevenhagen, 97 F.3d 91, 94-95 (5th Cir. 1996).

Hudson holds that deprivations of property by prison officials, even when intentional, do not violate the Due Process Clause of the Fourteenth Amendment provided that an adequate state post-deprivation remedy exists. Hudson, 468 U.S. at 533. The Texas state administrative and judicial systems provide an adequate state post-deprivation remedy. Tex. Gov. Code Ann. art. 501.007 (Vernon Supp. 1994); *see also* Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir. 1994). Thus, the appropriate forum for the plaintiff's claim lies in state court or in the administrative procedures of TDCJ-CID rather than federal court. Simmons v. Poppell, 837 F.2d 1243 (5th Cir. 1987).

In explaining the *Parratt-Hudson Doctrine*, the Fifth Circuit has held that when state procedures provide due process and are violated by a random or unauthorized act of a state employee, even a high-ranking state employee, *Parratt-Hudson* establishes that no constitutional due process violation has occurred. Holloway v. Walker, 790 F.2d 1170, 1173 (5th Cir. 1986). In this case, Freeman does not deny that established TDCJ-CID procedures provide due process, nor does he complain about the operation of state procedures; rather, Freeman contends that the state procedures were violated by prison officials, who thereby denied him due process. For example, prison rules require that disciplinary cases be written in such as a way as to provide adequate notice to the accused, *see* TDCJ-CID Standard Offense Pleadings Handbook, pp. 6-7, but Freeman argues that he was denied due process because this was not done. Even if this alleged denial of due process was done by a high-ranking prison official, it was nonetheless a random and unauthorized act, and so any civil rights claim which Freeman would have for the unauthorized taking of his property is

barred from federal court consideration by *Parratt-Hudson*. Freeman's objections are without merit, and it is accordingly

       ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

       ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

       ORDERED that any and all motions which may be pending in this action are hereby DENIED.

       **SIGNED this 2nd day of September, 2005.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE